**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC MAPLE, | ) | |
|     Plaintiff, | ) | C.A. No. 17-182 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MICHAEL D. OVERMYER, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

### I.    INTRODUCTION

#### A.    Relevant Procedural History

Plaintiff Eric Maple, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania,[2] filed this *pro se* civil rights action on July 10, 2017, against Defendants Michael D. Overmyer, Superintendent at SCI-Forest ("Overmyer"); CCPM Ireland at SCI-Forest ("Ireland"); Dorina Varner, Chief Grievance Officer at the Pennsylvania Department of Corrections ("Varner"); and an unnamed corrections officer identified as "Sgt. John Doe" ("Doe").[3]

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 12, 17].

[2] Plaintiff is currently incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania.

[3] On February 14, 2018, Plaintiff filed a motion for leave to file amended complaint [ECF No. 20], in which he identified Sgt. Tanner as the unnamed Defendant, among other things; however, Plaintiff's motion was denied by this Court, without prejudice to Plaintiff's right to re-file the motion with the proposed amendment attached as an exhibit [ECF No. 22]. Plaintiff has since failed to re-file the motion with the amendment he seeks to file. Nonetheless, the

In his *pro se* complaint, Plaintiff, a self-identified Muslim, alleges that he was sent to SCI-Forest's restricted housing unit ("RHU") on September 10, 2016, after staff found contraband in his cell.[4] (ECF No. 5, Complaint, at Section IV). On September 14, 2016, the hearing examiner dismissed the misconduct without prejudice to the reporting officer's right to re-write the misconduct. (Id.). Plaintiff alleges that he was retained in the RHU for the following three days while awaiting the re-written misconduct report, which was not received by him until September 17, 2016 at 2:00 p.m. (Id.). According to Plaintiff, on or about September 16, he asked "the 2-10 shift Sgt. of d-unit" (presumably Defendant Doe (Sgt. Tanner)) if he was being put back in general population, but the sergeant responded "no." (Id.). As a result, Plaintiff complains that he missed Jummah prayer service on the evening of September 16, 2016, and the feast of Eid Al-Fitr, which was scheduled for September 17, 2016, at 1:00 p.m. (Id.). Based on these allegations, it appears that Plaintiff is claiming violations of his First Amendment right to free exercise of religion and Fourteenth Amendment right to due process.

On November 22, 2017, Defendants filed a motion to dismiss complaint for failure to state a claim [ECF No. 13], arguing, *inter alia,* that Plaintiff has failed to allege the personal involvement of any of the Defendants in any of the alleged constitutional misconduct. Plaintiff has since filed a brief in response to Defendants' motion. [ECF No. 21]. This matter is now ripe for consideration.

---

Court will recognize Sgt. Tanner as the unnamed Defendant Doe for purposes of determining Defendants' pending motion, even though he has not been officially added or served as a Defendant in this case.

[4] The contraband was identified in the misconduct report as an "11" piece of wood tapered to a point on each end fashioned into a weapon with tape wrapped around the middle." (See ECF No. 13-3).

**B.      Standards of Review**

  **1.      Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. DISCUSSION

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants in any of the alleged constitutional violations and, thus, Plaintiff's claims against them should be dismissed. The Court agrees.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir.2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005), quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir.2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct"). See also Kaucher v. County of Bucks, 455 F.3d 418, 432 n. 7 (3d Cir.2006), quoting Estate of

Smith v. Marasco, 430 F.3d 140, 151 (3d Cir.2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights").

Moreover, when a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id., quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). Moreover, it is well-settled that section 1983 liability cannot be predicated solely on the basis of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1972).

Here, all of the alleged conduct of Defendants Ireland, Overmyer, and Varner occurred solely in connection with their participation in the prison grievance process. Specifically, Plaintiff alleges that "I filed a grievance which was answered by CCPM Ireland who lied about the facts. I then appealed to Michael D. Overmyer who upheld the decision of CCPM Ireland. I then appealed to the Chief Grievance Officer [Defendant Varner] who upheld each lie." (ECF No. 5, Complaint, at Section IV). No other allegations are specified against any of these Defendants. It is well-settled that there is no personal involvement on the part of any official if the official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, Rode, 845 F.2d at 1208; Graves v. Wetzel, 2016 WL 8376571, at *3 (W.D.Pa. Nov. 15, 2016); Cooper v. Beard, 2006 WL 3208783

at *14 (E.D.Pa. Nov. 2, 2006). Thus, Plaintiff's claims against Defendants Overmyer, Ireland, and Varner will be dismissed.

As for Defendant Doe (Sergeant Tanner), Plaintiff's only allegation is that said Defendant responded "no" to Plaintiff's inquiry as to whether he was going to be put back in general population on or about September 16, 2016. This is hardly sufficient to establish that Defendant Doe violated Plaintiff's due process or First Amendment rights.

An appropriate Order follows.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: July 11, 2018